*Franklin,*
*December,*
1813

*Bowdish*
*vs.*
*Peckham.*

---

## WELLS and others *vs.* BREWSTER.

A person not being a proprietor in a town, cannot be permitted to call in question the legality of a proprietary division of such town ; nor will a proprietor be permitted to do so unless it appear that his rights have been violated by such division ; nor even in that case, if he shall have submitted to, and acquiesced in the division made.

*Franklin,*
*December,*
1813.

THIS was a writ of error brought to reverse a judgment of the County Court in an action of ejectment for 100 acres of land in Georgia, in which Anna Brewster, administratrix of Charles Brewster, was plaintiff, and Samuel Wells, Orange Wells, and Lewi Stiles defendants. The Jury in the Court below found a special verdict which was in substance—That the intestate at the time of his decease, was seized in fee of one hundred acres of land in the town of Georgia, conveyed to him before the proprietary division of the township by Ira Allen, the rightful owner of several proprietor's shares in said town, among others the right of Selah Beeman, which hundred acres so conveyed to said Charles Brewster, was bounded in the deed of conveyance in the same place where Lot No. 73, the land demanded now lies.—That at a proprietors' meeting of said town of Georgia, held for the purpose of making a division of the lands in said town, among the proprietors, Lot No. 73, was voted to said Charles Brewster in his life-time as a settler in lieu of his draft on the right of Selah Beeman.—That one of the defendants below, Lewis Stiles, was in possession of the Lot at the time of the vote, and had made some improvements thereon under Samuel Wells, father of the two other defendants, under whom he now held as tenant, but owned nothing as a proprietor in the

town.—That Samuel Wells and Orange Wells were owners of two proprietor's shares in the town which they derived from their father.—That in the division aforesaid, Samuel Wells and Orange Wells refused to have the said Lot No. 73 voted to them in lieu of their draft, and that other lands were divided to them in other parts of the town in full of their rights.

*Swift,* for the plaintiff in error. A plaintiff in ejectment to enable him to recover must make out a clear title. It does not appear by the special verdict that the plaintiff below had any title to the land demanded. It does indeed appear that Ira Allen owned the right of Selah Beeman in Georgia, and that he conveyed to Charles Brewster the Lot in question as a part of that right; but the Lot in question had never been divided or set to that right. After the purchase of the Lot by Charles Brewster, the proprietors of Georgia made a division of the town, and voted the Lot in question to Charles Brewster in lieu of his draft, under that section of the act regulating proprietors' meetings authorising the proprietors to vote to a settler the Lot on which he lives in lieu of his draft. But it is not found that Charles Brewster, the intestate, was a settler on the Lot in question, which was voted to be set to him by the proprietors; on the contrary it is found that Lewis Stiles, one of the defendants below, was settled òn the Lot under Samuel Wells, father of the two other defendants. So that the statute which empowers proprietors, in making a division, to vote to settlers the Lots on which they have settled, in lieu of their draft, did not authorise the vote in question. The Lot was in possession, not of the intestate, but of Lewis Stiles, or rather of Samuel Wells the father, under whom the other two defendants below, claim as owners of his rights or shares in the town of Georgia. To them the Lot might have been voted, but to no other person. There is therefore no title to the Lot in question found in te intestate—consequently, judgment should have been rendered on the special verdict for the defendants below.

*Van Ness,* for the defendant in error. Admit that the Lot in question was not legally severed to the right of Selah Beeman, yet it does not follow, that the division is void to every intent. It is found by the verdict, that there was a division of the lands in the town of Georgia among the proprietors in fact made, and that the Lot in question was by the proprietors set to Charles Brewster on

the right of Selah Beeman, who was found to be the owner of one hundred acres of that right.   This has ever been considered a sufficient shewing for a plaintiff in ejectment to recover against a stranger, or a person whose rights have not been violated by the division.

On this principle, neither of the defendants below are entitled to call in question the legality of the division.   One of the defendants, Lewis Stiles, was a stranger, having no interest in the town, either in common or in severalty.   The other two, Samuel Wells and Orange Wells, although proprietors, refused the Lot in question, and received other lands in the town for their shares in the division. They were not interested, or in any way entitled to call in question the legality of the act of the proprietors in voting this Lot to Charles Brewster.   If then, we have not been incorrect in stating the principles by which the decision in this case is to be governed, it follows that the judgment of the Court below is correct and ought to be affirmed.

CHIPMAN, Ch. J. delivered the opinion of the Court.   Judge *Farrand* did not give an opinion, having been of counsel in the case.

This case must be decided upon the special verdict, which is very briefly drawn up.   The general questions are—1. Is there a sufficient finding to support the judgment rendered for the plaintiff in the Court below ?—2. Upon this finding ought the judgment to have been rendered for the defendant ?—3. Is the verdict so defective that there ought to have been a *venire de novo* ?   The verdict first finds a title in the intestate, Charles Brewster, to one hundred acres of land in the township of Georgia, and then states the manner in which the claim of the plaintiff below, administratrix, is made out through the intestate, to the Lot in question, by virtue of that title and a division of lands in Georgia by the proprietors.

The Court are of opinion that there is a sufficient finding to warrant a judgment for the plaintiff below, if the division be found valid, for the defendants, if it be invalid.   The Court are also of opinion that a sufficiently valid division is found ; certainly against all who are strangers, having no proprietary interest in the town ; and even against every proprietor whose rights have not been violated in the very matter in contest.

*Franklin,*
December,
1813.

Wells et al.
*vs.*
Brewster.

It has long been decided by the Courts in this State, and the decisions ought never to be disturbed, that no stranger shall be . permitted to call in question the legality of a proprietary division ; nor shall a proprietor be permitted to do so, unless he can shew his rights to have been violated as before mentioned, nor even in that case, if it shall appear that he has submitted to, and acquiesced in the division made. The question then is, has the verdict found that the defendants below, or either of them, are in a situation, in relation to the Lot in question to contest the validity of the division ? Lewis Stiles is found not to have been the owner of any lands in the town ; but that he entered into possession of the premises, and made improvements under Samuel Wells, the father of the two defendants, Samuel and Orange Wells. It is not found that Samuel Wells, the father, had any claim or title to this Lot, or to any lands in Georgia, at the time when Stiles went into possession, or at the time of the proprietary division. Therefore, Stiles can have no right, either for himself or for Samuel Wells, the father, to contest the legality of the division in this case.

Samuel and Orange Wells, the two other defendants below, were not strangers, destitute of interest in the division ; for it is expressly found by the verdict, that they were the owners of two rights or shares in Georgia, in the right of their father. It is not stated how they became owners, or how they acquired their father's title, or whether the father was living or dead. But to make any good sense of it, we must understand that they were owners of the rights by a title derived from or through their father—whether by descent or purchase is immaterial. It is further found, that in the proprietary division, Samuel and Orange Wells, the sons, refused to have any lands voted to them in lieu of their drafts, on their rights. This, could they have claimed a right to such vote for this Lot, was clearly an abandonment of such claim. But it does not appear that they had derived from their father any title or claim to the possession or improvements made by Stiles. And it is found that they, in the division of the town, received other lands to the full amount of their two rights or shares. They have therefore, according to the principle laid down, no right in this case to contest the legality of the division, or to contend that the Lot in question was not well severed to Charles Brewster, the intestate.

The consequence is, that the judgment of the County Court must *Franklin,* be affirmed.